E-FILED
Friday, 13 December, 2019  03:40:43 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Andrea Holan, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No: _____ |
| | ) |
| MEND CORRECTIONAL CARE, PLLC; | ) |
| GERALD BUSTOS, SHERIFF OF ROCK | ) |
| ISLAND COUNTY; ROCK ISLAND | ) |
| COUNTY; and certain currently unknown | ) |
| identified as "NURSE 1"; "NURSE 2"; | ) |
| and "PHYSICIAN 1", | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT FOR INJUNCTIVE
### AND MONETARY RELIEF AND JURY DEMAND

NOW COMES the Plaintiff, Andrea Holan, by and through her attorney, Thomas J. Pliura, M.D.,

J.D., and complaining of Defendants MEND CORRECTIONAL CARE, PLLC; GERALD

BUSTOS, SHERIFF OF ROCK ISLAND COUNTY; ROCK ISLAND COUNTY; and certain

currently unknown identified as "NURSE 1"; "NURSE 2"; and "PHYSICIAN 1"; respectfully

states as follows:

### General Allegations
### Parties

1.  At certain times relevant hereto as further alleged below, Plaintiff was and a pretrial

    detainee under Rock Island Circuit Court Case Number 17CF641 and housed at the Rock

    Island County Jail.

2.  At all times relevant hereto, Defendant MEND Correctional Care was and is Minnesota

    Professional Limited Liability Company authorized to do business in Illinois and engaged

in the practice of providing contracted health care services to detainees and inmates of the Rock Island County Jail.

3.  At all times relevant hereto, Defendant Gerald Bustos was and is the duly elected Sheriff of Rock Island County, Illinois and, as part of his official duties, personally oversaw and oversees the operation of the County Jail, including its healthcare unit.

4.  At all times relevant hereto, Defendant Rock Island County is a municipal entity and a County of the state of Illinois.

5.  At all times relevant hereto, Defendant Unknown Nurse 1 was and is an Illinois licensed R.N. or L.P.N., engaged in the practice of nursing for detainees and inmates of the Rock Island County Jail and an employee of Defendant MEND and/or Defendant Rock Island County.

6.  At all times relevant hereto, Defendant Unknown Nurse 2 was and is an Illinois licensed R.N. or L.P.N., engaged in the practice of nursing for detainees and inmates of the Rock Island County Jail and an employee of Defendant MEND and/or Defendant Rock Island County.

7.  At all times relevant hereto, Defendant Unknown Physician 1 was and is an Illinois licensed physician, engaged in the practice of medicine for detainees and inmates of the Rock Island County Jail and an employee or independent contractor of Defendant MEND and/or Defendant Rock Island County.

**Venue**

8.  Venue is proper under 28 U.S. Code  1391 (b)(1) as the district of residence, at the time this action was initially filed, of one or more defendants and under Section 1391 (b)(2) as the District in which a substantial part of the events giving rise to the claim occurred.

**Jurisdiction**

9.  This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 1343 because the claims raise Federal Questions as to the deprivation of Plaintiff's rights under 42 U.S.C. § 1983 and under the Fourteenth Amendment to the Constitution. The Court has supplemental jurisdiction of Plaintiff's state-law claims under 28 U.S.C. Sec. 1367.

**Common Factual Allegations**

10. On or about August 15, 2017, Plaintiff became a pretrial detainee of the Rock Island County Jail under Rock Island Circuit Court Case Number 17CF641 and remained to the custody of the County Jail until being released on January 25, 2018 on a Recognizance Bond.

11. Prior to her detention, Plaintiff had a prior history of abnormal cancer cells in her cervix and she had been closely monitored by her private gynecologist physician.

12. Approximately three weeks after being detained in the Rock Island County Jail, in early September 2017, Plaintiff developed significant vaginal hemorrhaging.

13. At that time in September 2017, Plaintiff informed the desk sergeant and unknown nurses 1 and 2 that she was having substantial abnormal vaginal bleeding.

14. At that time, Plaintiff also informed the jail staff and the nursing staff that she had a history of cancer cells on her cervix and an abnormal PAP in past.

15. At that time, Plaintiff requested to be allowed to be evaluated by a gynecologist regarding her abnormal vaginal hemorrhaging and she expressed concerns about the possibility of having developed cervical cancer, as she had been warned about previously by her private gynecologist physician.

16. On multiple occasions, between September 2017 and January 2018, Plaintiff entered information into the computerized jail kiosk system and also personally informed jail staff and nurses 1 and 2 about her vaginal hemorrhaging and repeatedly requested to be allowed to receive an evaluation by a gynecologist.

17. On information and belief, she entered information into the Rock Island County Jail computerized kiosk system many times, estimated to be 8-10 times, seeking medical evaluation by a gynecologist.

18. At no time during her detention in the Rock Island County Jail did any healthcare provider perform a pelvic examination upon her to determine the source or cause of her vaginal hemorrhaging.

19. After approximately one month of detention, Plaintiff was allowed to see a jail physician, Unknown Physician 1, but said defendant physician did not perform a pelvic examination upon her to identify the source of the vaginal hemorrhaging.

20. At no time between August 2017 and January 6, 2018 was the Plaintiff referred to a gynecologist to determine the source of her vaginal hemorrhaging.

21. On or about January 7, 2018, while still in the custody of the jail, Plaintiff experienced a sudden worsening of her condition with increased vaginal hemorrhaging, collapsed was taken on an emergent basis to a local hospital emergency room

22. There, an emergency department physician found a gynecological abnormality in her pelvis and recommended she have a consultation with a gynecologist.

23.  On or around January 12, 2018, she was sent to a gynecologist's office upon referral from the emergency department physician and was evaluated by a nurse practitioner, who

then consulted with a gynecology specialist physician.  Plaintiff was then informed she likely had cervical cancer.

24. On or around January 17, 2018, Plaintiff underwent a cervical biopsy and the pathology report revealed invasive squamous cell carcinoma of the cervix.

25. On January 28, 2018, Plaintiff was abruptly released from custody on a recognizance bond.

26. A PET Scan was performed on the Plaintiff in February 2018 which showed an intense hypermetabolic lesion consistent with uterine cervical cancer with multiple hypermetabolic lymph nodes consistent with metastatic disease from the cervical cancer. Physician consultants recommended concurrent combination chemoradiation therapy, with external beam radiation integrated with high-dose brachytherapy.

27. Plaintiff's pre-detention medical records indicate she had been evaluated about one year previously.  She had a PAP smear performed by Dr. Carl Hays, an obstetrician-gynecologist affiliated with Great River Medical Center-West Burlington.  Those records indicate her PAP smear was 'normal' at that time.

28. The Plaintiff has now received multiple doses of chemotherapy to treat her metastatic cervical cancer including Carboplatin, Taxol, and Avastin.  She has also received multiple doses of radiation to treat her metastatic cervical cancer.

29. Plaintiff was hospitalized in February 2019 with complaints of abdominal pains and disorders after she continued to progressively worsen with lower abdominal pains and pelvic pain, describing it as if someone is stabbing her vagina with a knife. She describes abdominal pain as a '10' on a '0-10' scale.

30. Plaintiff was diagnosed with persistent abdominal pains likely due to radiation enterocolitis and cystitis and has developed complications including hydronephrosis requiring bilateral ureteral stents.

31. The Plaintiff has also developed complications including a vesico-vaginal fistula where urine was draining into her vagina.  Her physicians recommended bilateral external percutaneous nephrostomy catheters to drain urine from her kidneys.

32. On June 28, 2019, Plaintiff was admitted to the University of Iowa hospital system for bowel obstruction…  She has also developed a severe urinary tract infection with e. faecalis, serratia liquifaciens, and myroides species requiring IV antibiotic treatment with moxifloxacin.

33. In July or August, 2019, she developed additional complications of bowel obstruction and she underwent bowel resection with removal of a significant portion of her bowel

**Count I**

Plaintiff complains of Defendant MEND Correctional Care, as follows:

1.   -   33, Plaintiff realleges paragraphs 1-33 of the common allegations above as paragraphs 1-33 of this Count I.

34. Under the 14th Amendment to the Constitution, a detainee has a right to medical care that is not objectively unreasonable.

35. At all times relevant hereto, it was the policy of Defendant, either through an official policy or decision by a policy-making authority or through a long-standing and widespread custom or practice to delay or deny referral for outside specialty consultation and/or testing.

36. Notwithstanding Plaintiff's constitutional rights and with deliberate indifference thereto and objective unreasonableness, Defendant, by policy or practice, denied and/or delayed needed physician and specialty gynecology referral and treatment and testing until Plaintiff collapsed and required emergent medical care.

37. Policy-making officials at MEND knew that detainees with symptoms such as Plaintiff exhibited required immediate intervention and referral "outside" the jail for specialty consultation.

38. Nevertheless, Defendant's agents or employees failed to permit Plaintiff to see a physician in the health care unit or a specialty physician outside the jail until her condition became a life threatening emergency in January, 2018, at which time her cancer had metastasized and her treatment options became significantly more complicated and extensive.

39. As a direct and proximate result of the deliberate indifference and objectively unreadable care of the Defendant, Plaintiff was caused to damages for which Defendant is liable.

WHEREFORE, Plaintiff prays for judgment in his favor and for the following relief:

A) Injunctive Relief in the form of an order compelling Defendant to afford Plaintiff all necessary medical care inside and outside the jail healthcare unit should she be remanded to the jail in the future.

B) Monetary Relief in the form of money damages in excess of $75,000.00 adequate to compensate her for her damages,

C) Punitive Damages appropriate to deter Defendant's wrongful conduct;

D) Attorney fees under 42 U.S.C. § 1988; and

E) Such other and further relief as this Court may deem proper.

## Count II

Plaintiff complains of Defendants Gerald Bustos, Unknown Nurse 1, Unknown Nurse 2, and

Unknown Physician 1, as follows:

1.  - 33, Plaintiff realleges paragraphs 1-33 of the common allegations above as paragraphs 1-33 of this Count II.

34. Under the 14th Amendment to the Constitution, a detainee has a right to medical care that is not objectively unreasonable.

35. Defendants Gerald Bustos, Unknown Nurse 1, Unknown Nurse 2, and Unknown Physician 1 knew that Plaintiff had a serious medical need and consciously and unreasonably disregarded that need by failing to take reasonable measures to properly address it.

36. Between the onset of symptoms in September 2017 and the emergent event in January, 2018, Defendants together or individually acted objectively unreasonably and with deliberate indifference to a serious medical need of the Plaintiff by, *inter alia*;

    a. Failing to properly examine her or ensure that she was properly examine;

    b. Failing to refer her to Physician 1 immediately upon the onset of the vaginal hemorrhaging;

    c. Failing to refer her to a gynecologist;

    d. Failing to respond to her many kiosk requests for constitutionally adequate care;

    e. Otherwise failing to take objectively reasonable measures to address Plaintiff's serious condition.

37. As a direct and proximate result of the deliberate indifference and objectively unreadable care of the Defendant, Plaintiff was caused to damages for which Defendant is liable.

WHEREFORE, Plaintiff prays for judgment in his favor and for the following relief:

A)  Injunctive Relief in the form of an order compelling Defendants to afford Plaintiff all necessary medical care inside and outside the jail healthcare unit should she be remanded to the jail in the future.

B)  Monetary Relief in the form of money damages in excess of $75,000.00 adequate to compensate her for her damages,

C)  Punitive Damages appropriate to deter Defendants' wrongful conduct;

D)  Attorney fees under 42 U.S.C.§ 1988; and

E)  Such other and further relief as this Court may deem proper.

### Count III

Plaintiff complains of Defendants MEND Correctional Care, Rock Island County, Unknown Nurse 1 and Unknown Nurse 2 as follows:

1.  -  33, Plaintiff realleges paragraphs 1-33 of the common allegations above as paragraphs 1-33 of this Count III.

34. With respect to the care and treatment of the Plaintiff as alleged herein, it was then and there the duty of Unknown Defendants individually and Mend and the County, though their agents and employees, to use that degree of skill and care of reasonably careful nurses practicing in a similar setting.

35. Notwithstanding said duty, the Unknown Defendants individually were guilty of one or more of the following careless and negligent acts or omissions, which directly and proximately caused injury to the Plaintiff.

    a.  Failed to properly examine the Plaintiff;

    b.  Failed to properly treat the Plaintiff;

    c.   Failed to ensure Plaintiff was seen by the jail physician;

    d.   Failed to ensure Plaintiff was seen by a specialist;

    e.   Failed to properly respond to Plaintiff's kiosk requests;

    f.   Failed to communicate Plaintiff's history and condition to the jail physician,

    g.   Otherwise failed to provide non-negligent nursing care to Plaintiff.

36. At all times relevant hereto, the individual Defendants were employees or agents of either Defendant MEND or Defendant Rock Island County and acting in furtherance of MEND's contract with the County to provide healthcare services.

37. Under the doctrine of *Respondeat Superior*, Defendants MEND and or the County are liable for the negligence of their employees and agents, as alleged herein.

38. Additionally, Defendants MEND and Rock Island County were directly negligent Maintaining a policy that discourages, disincentivizes, inhibits, or prohibits their physicians and nurses from referring detainees suffering from serious medical conditions for specialty medical services outside the jail healthcare unit.

39. As a direct and proximate result of the aforesaid careless and negligent acts or omissions of the Defendants as alleged above, Plaintiff was caused to damages for which Defendants are liable.

40. An attorney's certificate of merit, as required by 735 ILCS 5/2-622, is included herein. Therein, Counsel affirms that he was unable to obtain a consultation required by 735 ILCS 5/2-622(a)(1) because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations.  Pursuant to 735 ILCS 5/2-622 (a)(2), the certificate and written report

required by paragraph (a)(1) shall be filed within 90 days after the filing of this complaint.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), together with his costs of suit, and such other and further relief as this court may deem proper.

### Count IV

Plaintiff complains of Defendants MEND Correctional Care, Rock Island County, and Unknown Physician 1 as follows:

1.  -   33, Plaintiff realleges paragraphs 1-33 of the common allegations above as paragraphs 1-33 of this Count IV.

34. With respect to the care and treatment of the Plaintiff as alleged herein, it was then and there the duty of Unknown Defendant individually and MEND and the County, though their agent and employee, to use that degree of skill and care of a reasonably careful physician practicing in a similar setting.

35. Notwithstanding said duty, the Unknown Defendant individually was guilty of one or more of the following careless and negligent acts or omissions, which directly and proximately caused injury to the Plaintiff.

    a.  Failed to properly examine the Plaintiff;

    b.  Failed to properly treat the Plaintiff;

    c.  Failed to ensure Plaintiff was seen by a specialist;

    d.  Failed to properly respond to Plaintiff's kiosk requests;

    e.  Otherwise failed to provide non-negligent medical care to Plaintiff.

36. At all times relevant hereto, the Unknown Physician 1 was an employee or agent of either Defendant MEND or Defendant Rock Island County and acting in furtherance of MEND's contract with the County to provide healthcare services.

37. Under the doctrine of *Respondeat Superior*, Defendants MEND and or the County are liable for the negligence of their employee and agent, as alleged herein.

38. Additionally, Defendants MEND and Rock Island County were directly negligent Maintaining a policy that discourages, disincentivizes, inhibits, or prohibits their physicians and nurses from referring detainees suffering from serious medical conditions for specialty medical services outside the jail healthcare unit.

39. As a direct and proximate result of the aforesaid careless and negligent acts or omissions of the defendants as alleged above, Plaintiff was caused to damages for which Defendants are liable.

40. An attorney's certificate of merit, as required by 735 ILCS 5/2-622, is included herein. Therein, Counsel affirms that he was unable to obtain a consultation required by 735 ILCS 5/2-622(a)(1) because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. Pursuant to 735 ILCS 5/2-622 (a)(2), the certificate and written report required by paragraph (a)(1) shall be filed within 90 days after the filing of this complaint.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00), together with his costs of suit, and such other and further relief as this court may deem proper.

By:  s/THOMAS J. PLIURA_____
Andrea Holan, Plaintiff by
Thomas J. Pliura, M.D., J.D., her attorney

**Jury Demand**

Plaintiff demands a trial by jury on all counts herein.

By:  s/THOMAS J. PLIURA_____
Andrea Holan, Plaintiff by
Thomas J. Pliura, M.D., J.D., her attorney

### AFFIDAVIT PURSUANT TO 5/2-622

Affiant, Thomas J. Pliura, M.D., J.D., being duly sworn upon oath, swears/affirms as follows:

1.  Affiant is the attorney for Plaintiff in the above-referenced cause.

2.  Affiant was unable to obtain the consultation(s) required by 735 ILCS 5/2-622(a)(1)
    because a statute of limitations would impair the action and the consultation(s) required
    could not be obtained before the expiration of the statute of limitations.

3.   Pursuant to 735 ILCS 5/2-622 (a)(2), the certificate and written report(s) required by
    paragraph (a)(1) shall be filed within 90 days after the filing of this complaint.

Further Affiant sayeth naught.

So sworn this _____ day of _____, 2019.

_____
Thomas J. Pliura, M.D., J.D.
ARDC No:  6197063
Attorney for Plaintiff

Thomas J. Pliura, Attorney for Plaintiff
P.O. Box 130
LeRoy, IL  61752
Phone: (309) 962-2299
Fax: (309) 962-4646
Email:  tom.pliura@zchart.com